[DO NOT PUBLISH]

CORRECTED OPINION

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15155
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cv-02592-ODE


DENNIS SMITH,
Individually and on behalf of all others similarly
situated,

                                        Plaintiff - Appellant,

JACKLIN TOMA,

                                        Consol. Plaintiff,

IVONNE BERMUDEZ,

                                        Intervenor Plaintiff,

versus

DELTA AIR LINES INC.,
GERALD GRINSTEIN,
LEON PIPER,
ADMINISTRATIVE COMMITTEE OF DELTA AIR LINES, INC.,
BENEFIT FUND INVESTMENT COMMITTEE, et al.,

Defendants - Appellees,

PERSONNEL & COMPENSATION COMMITTEE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 17, 2014)

Before HULL, MARCUS and DUBINA, Circuit Judges.

PER CURIAM:

This appeal involves a putative class action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against defendants Delta Air Lines, Inc. and the fiduciaries of a benefit plan offered by Delta to its employees that provided for investment in Delta stock. Dennis Smith, the class representative, is a former Delta employee who participated in the Plan and lost money when the price of Delta stock declined between 2000 and 2004.

In March 2006, the district court dismissed Smith's complaint for failure to state a claim. While an appeal of that decision was pending, this court decided *Lanfear v. Home Depot, Inc.,* 679 F.3d 1267 (11th Cir. 2012), which clarified the legal standard for evaluating ERISA claims against plan fiduciaries arising out of

2

investments in employer stock as envisioned in an employee stock ownership

program ("ESOP").   Because the district court did not have the benefit of *Lanfear*

when it issued its order, we remanded the case with instructions to apply *Lanfear*

to Smith's complaint.  The district court complied with our mandate and applied

*Lanfear* to the allegations in Smith's complaint and once again concluded that

Smith had failed to state a claim.  It is from that order of dismissal that Smith

perfects this appeal.

The district court's grant of a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) is reviewed *de novo*.   *See Edwards v. Prime, Inc.* 602 F.3d

1276, 1291 (11th Cir. 2010).  The allegations in the complaint must be taken as

true and construed in the light most favorable to the plaintiff.  *Id.*  Dismissal for

failure to state a claim is proper if the factual allegations are not "enough to raise a

right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555, 127 S. Ct. 1955, 1965 (2007).   "[O]nly a complaint that states a

plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S.

662,679, 129 S. Ct. 1937, 1950 (2009).

After reviewing the record and reading the parties briefs, we conclude that

the district court correctly applied the highly deferential abuse of discretion

standard as set forth in *Lanfear* to the allegations contained in Smith's complaint.

*Lanfear*, 679 F.3d at 1279.   The *Lanfear* standard applies to fiduciaries of ESOP

3

plans as well as other ERISA plans that "encourage or require investment in employer stock." *Id*. at 1278 n.14.  Here, the Plan required defendants to offer a Delta Common Stock Fund as an investment option for participants' voluntary contributions and required that company matching contributions be made in Delta stock.  We agree with defendants that at the very least, the Plan's many provisions addressing investments in Delta stock made clear that defendants were "encouraged" to offer employer stock as an investment option for participants.  That is all that is required to bring this case within the scope of *Lanfear*.

Although it is uncontroverted that during the period in question Delta faced business challenges, the Plan required defendants to offer participants investments in Delta stock, and defendants continued to abide by those provisions.  Smith contends that with the benefit of hindsight, defendants should have known Delta's turnaround efforts would fail.  But that was not at all obvious at the time, as underscored by market movements during the class period.  Because a reasonable fiduciary could have concluded that investments in Delta stock during the class period remained appropriate, Smith's prudence claim fails.

Accordingly, for the reasons stated above, as well as those contained in the district court's well-reasoned order filed on November 1, 2013, we affirm the judgment of dismissal.

**AFFIRMED**.

4